IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF ALASKA *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF CALIFORNIA *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF COLORADO *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF CONNECTICUT *ex rel.* RESPIRATORY CARE, LLC; | CIVIL ACTION No. 2:19-cv-02913-BHH |
| DISTRICT OF COLUMBIA *ex rel.* RESPIRATORY CARE, LLC; | **CLASS ACTION** |
| STATE OF DELAWARE *ex rel.* RESPIRATORY CARE, LLC; | RELATOR'S ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES |
| STATE OF FLORIDA *ex rel.* RESPIRATORY CARE, LLC; | *FILED UNDER SEAL AND IN CAMERA PURSUANT TO 31 U.S.C. § 3730(b)* |
| STATE OF GEORGIA *ex rel.* RESPIRATORY CARE, LLC; | *DO NOT ENTER ON PACER* |
| STATE OF HAWAII *ex rel.* RESPIRATORY CARE, LLC; | *DO NOT PLACE IN PRESS BOX* |
| STATE OF ILLINOIS *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF INDIANA *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF IOWA *ex rel.* RESPIRATORY CARE, LLC; | |
| STATE OF LOUISIANA *ex rel.* RESPIRATORY CARE, LLC; | |

STATE OF MARYLAND *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF MASSACHUSETTS *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF MICHIGAN *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF MINNESOTA *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF MONTANA *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF NEVADA *ex rel.* RESPIRATORY
CARE, LLC;

STATE OF NEW JERSEY *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF NEW MEXICO *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF NEW YORK *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF NORTH CAROLINA *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF OKLAHOMA *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF RHODE ISLAND *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF TENNESSEE *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF TEXAS *ex rel.* RESPIRATORY
CARE, LLC;

STATE OF VERMONT *ex rel.*
RESPIRATORY CARE, LLC;

STATE OF VIRGINIA *ex rel.* RESPIRATORY

CARE, LLC; *and*

STATE OF WASHINGTON *ex rel.*
RESPIRATORY CARE, LLC;

        Plaintiffs,
    v.

RESPIRONICS, INC.;

ADVOCATE AURORA HEALTH, INC.;
ADVOCATE HEALTH CARE NETWORK;
ADVOCATE HEALTH PARTNERS;
ADVOCATE HEALTH AND HOSPITALS
CORPORATION;

AEROCARE HOLDINGS, INC.; AEROCARE,
INC.; AEROCARE HOME MEDICAL
EQUIPMENT, INC.; AEROCARE HOME
MEDICAL, INC.;

AT HOME HEALTH EQUIPMENT, LLC;

FITZSIMMONS SURGICAL SUPPLY, INC.;

HAYAT HOME MEDICAL EQUIPMENT
INCORPORATED;

INTEGRATED RESPIRATORY SERVICES,
INC.; INTEGRATED HOME CARE
SERVICES, INC.; INTEGRATED HOME
CARE SERVICES CHICAGO, INC.;
INTEGRATED RESPIRATORY SERVICES,
INC.;

LINCARE HOLDINGS INC.; ALPHA
RESPIRATORY INC.; GAMMA
ACQUISITION INC.; HEALTH CARE
SOLUTIONS AT HOME INC.; HOMECARE
EQUIPMENT NETWORK INC.; LINCARE
INC.; LINCARE LICENSING INC.; LINCARE
PHARMACY SERVICES INC.; LINCARE
PROCUREMENT INC.; MED 4 HOME INC.;
LINCARE OF CANADA ACQUISITION
INC.; CARING RESPONDERS LLC; HCS
LANCASTER LLC; LINCARE EQUIPMENT

LLC; LINCARE LEASING LLC; MDINR, LLC; MEDIMATICS LLC; PULMOREHAB LLC; LINCARE PULMONARY REHAB MANAGEMENT, LLC; COMMUNITY PHARMACY SERVICES, LLC; ACRO HEALTHCARE, LLC; LINCARE ONLINE LLC; LINCARE PULMONARY REHAB SERVICES OF FLORIDA, P.L.; OPTIGEN, INC.; MRB ACQUISITION CORP.; CONVACARE SERVICES INC.; SLEEPCAIR, INC.; SPECTRUM MEDICAL EQUIPMENT INC.; HEALTHLINK MEDICAL EQUIPMENT LLC; MMOC, LLC; W&F HIGH TECH SYSTEMS, LLC; OCT PHARMACY, LLC; COMPLETE INFUSION SERVICES, LLC; LINCARE PULMONARY REHAB SERVICES OF MISSOURI, LLC; LINCARE OF NEW YORK INC.; VALLEY MEDICAL CORPORATION; ACRO PHARMACEUTICAL SERVICES LLC; AMERICAN HOMEPATIENT, INC.;

LIFE DME LLC;

MED-SOUTH, INC.;

THE MEDICAL SERVICE COMPANY;

MIDWEST RESPIRATORY CARE, INC.;

NATIONWIDE MEDICAL, INC.;

THE SISTERS OF THE THIRD ORDER OF ST. FRANCIS, PEORIA, ILLINOIS, D/B/A OSF HEALTHCARE;

PROVIDER PLUS, INC.;

ROTECH HEALTHCARE INC.; ROTECH HOME MEDICAL CARE INC.; ROTECH OXYGEN AND MEDICAL EQUIPMENT INC.;

SLEEPMED, INC.; SLEEPMED CENTER LLC; SLEEPMED HELP, LLC; SLEEPMED OF CALIFORNIA, INC.; SLEEPMED

OREGON, LLC; SLEEPMED PHOENIX, LLC; SLEEPMED SOURCE, LLC; SLEEPMED THERAPIES, INC.; *and*

TOTAL RESPIRATORY & REHAB, INC.;

Defendants.

**RELATOR'S ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES**

Pursuant to Local Civil Rule 26.01 of the United States District Court for the District of South Carolina, Relator, acting on behalf of and in the name of the United States and the state plaintiffs, hereby respectfully submits the following information:

A. State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER:** **Upon information and belief, no subrogation interest exists at this time.**

B. As to each claim, state whether it should be tried to a jury or non-jury and why.

**ANSWER:** **This action involves federal claims for which there is a right of trial by jury and for which Relator has demanded a trial by jury. Therefore, this action should be heard by a jury.**

C. State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

|   |   |   |
|---|---|---|
|   | **ANSWER:** | **Relator is not a publicly owned company. Relator is not a parent, subsidiary, partner, or affiliate of another publicly owned company. No publicly owned company owns ten percent or more of the outstanding shares of Relator or has any other indicia of ownership of Relator. Relator does not own ten percent or more of the outstanding shares in a publicly owned company.** |
| D. | State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). | |
|   | **ANSWER:** | **Respironics transacts business in this Division by, among other things, shipping equipment to DME suppliers – including several DME Supplier Defendants with business addresses in this Division – who in turn sell or lease that equipment to customers residing in this Division. Accordingly, venue is appropriate in this Division under 31 U.S.C. § 3732(a). This Division also previously adjudicated a very similar case brought against Respironics by the Department of Justice, alleging violations of the Anti-Kickback Statute and the False Claims Act. *See United States et al. ex. Rel. Dr. Gibran Ameer v. Philips Electronics North America, et al.*, Case No. 2:14-cv-2077-PMD (D.S.C.). Venue is also proper in this Division under 28 U.S.C. § 1391 because "a substantial part of the events . . . giving rise to the claim occurred" in this Division.** |

E. Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the maters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:** **Yes. In March 2016, Respironics settled another lawsuit brought by the Department of Justice, alleging that Respironics had provided valuable "call center" services to Respironics's DME supplier customers, which were kickbacks intended to induce the DME suppliers to recommend the purchase of Respironics's products.** *United States et al. ex. Rel. Dr. Gibran Ameer v. Philips Electronics North America, et al.*, **Case No. 2:14-cv-2077-PMD (D.S.C.). In connection with that settlement, Respironics also agreed to a Corporate Integrity Agreement with the Center for Medicare and Medicaid Services' Office of Inspector General.**

DATED: October 11, 2019

Respectfully submitted,

BY: */s/ William S. Norton*

William C. Carmody (*pro hac vice to be filed*)
Arun Subramanian (*pro hac vice to be filed*)
Steven M. Shepard (*pro hac vice to be filed*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, Fl. 32
New York, New York 10019
Telephone: (212) 336-8330

MOTLEY RICE LLC
James W. Ledlie (D.S.C. Bar No.7841)
William S. Norton (D.S.C. Bar No. 11343)
Joshua C. Littlejohn (D.S.C. Bar No. 10426)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
jledlie@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com

*COUNSEL FOR RELATOR*